BOLINGER, APPELLANT, *v.* BOLINGER, APPELLEE.

[Cite as Bolinger *v.* Bolinger (1990), 49 Ohio St. 3d 120.]

(No. 88-1802 — Submitted November 22, 1989 — Decided February 28, 1990.)

*Patrick J. Alcox*, for appellant.
*Donald W. Hill*, for appellee.

SWEENEY, J. The determinative issue before us is whether the trial court was obligated to retry the entire case on remand, or whether the original award of alimony and property division was proper irrespective of the propriety of the original divorce decree. Since we believe that the original award of alimony and division of marital assets was proper in any event, we reverse the decision of the court of appeals below.

The appellee-husband contends that the trial court was duty-bound to retry the entire case (*i.e.*, the divorce, property settlement, and alimony award) on remand because the subject-matter jurisdiction of a court in a divorce action is markedly different from that in an alimony-only action. The appellant-wife counters that the appellee's argument claiming a distinction in the jurisdiction of a domestic

relations court between a divorce action and an alimony-only action is basically superfluous because the domestic relations court always possesses jurisdiction to make a division of property in either case. In support of her argument, appellant relies on our prior decisions in *Goetzel* v. *Goetzel* (1959), 169 Ohio St. 350, 8 O.O. 2d 355, 159 N.E. 2d 751; and *Griste* v. *Griste* (1960), 171 Ohio St. 160, 12 O.O. 2d 176, 167 N.E. 2d 924.

R.C. 3105.011 provides as follows:

"The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter."

R.C. 3105.17 states in pertinent part:

"Either party to the marriage may file a complaint for divorce or for alimony, and when filed the other may file a counterclaim for divorce or for alimony. The court of common pleas may grant alimony on a complaint or counterclaim, regardless of whether the parties are living separately at the time the complaint or counterclaim is filed * * *."

R.C. 3105.18 provides in relevant part:

"(A) In divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable."

The foregoing statutory sections make it abundantly clear that the court of common pleas has wide latitude in determining the appropriateness of as well as the amount of alimony, regardless of whether the complaint and counterclaims request alimony only, a divorce, or both a divorce and alimony. In *Goetzel, supra,* this court held in the first paragraph of the syllabus:

"Under Section 3105.17 and 3105.18, Revised Code, a court has the same power in awarding alimony only that it does in awarding alimony where a divorce is granted."

In *Griste, supra,* this court stated in the syllabus:

"1. Under the provisions of Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.

"2. The exercise of the full equity powers and jurisdiction in an alimony or divorce action includes the authority to determine the rights of the parties to alimony and a division of property. (*Clark* v. *Clark,* 165 Ohio St., 457, approved and followed.)"

Although the Revised Code has been amended since the decision in *Griste, supra,* the language of R.C. 3105.011 appears to encompass the main thrust of the *Griste* opinion, as well as the true meaning of former R.C. 3105.20. In sum, we believe that the law enunciated in *Griste* is good law and is applicable to the cause *sub judice.*

In our view, the trial court had subject-matter jurisdiction in this cause in order to make a division of property and to make an alimony award. See R.C. 3105.18. Moreover, given the fact that appellee filed a counterclaim for divorce, it is clear that the trial court did not exceed its jurisdiction in making its original property settlement and alimony award. Since it appears that the original prop-

erty distribution was otherwise valid, the trial court was not obligated to retry the entire case, including the property distribution, upon remand. In such cases, we are of the opinion that the trial court should not have to "reinvent the wheel" simply because a divorce was granted to a party who did not properly request one. In our view, judicial economy demands that in these types of cases the trial court need only correct on remand that which constituted error in the original proceedings. Since the original alimony award and property settlement were well within the court's jurisdiction under the statutory provisions cited above, there was no need for the court to retry that portion of the case. Even if the trial court was somehow obligated to do more than what it did upon remand, the practical difficulties in doing so would militate against such a requirement since, as in this cause, the property had already been valuated and distributed several years before and thus was not available for revaluation and redistribution.

Based on the foregoing, we hold that under R.C. 3105.011, 3105.17 and 3105.18, the subject-matter jurisdiction of a trial court to award permanent alimony and to formulate an equitable division of the marital assets commences when either party files a complaint for divorce and a division of the marital property.

Accordingly, the judgment of the court of appeals is reversed, and the decision of the trial court is hereby reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.