OPINION
Appellant, Robert Lee Hoffman, appeals a judgment of the Common Pleas Court of Union County ordering him to pay monthly spousal support to Appellee, Helen Bruce Hoffman. Appellant asserts that the trial court erred in this case by failing to consider the factors listed in R.C. 3105.18(C) and by failing to find that Appellee demonstrated a particular need for spousal support. Appellant's argument is not well taken, and for the reasons that follow, we affirm the judgment of the trial court.
On July 24, 1998, after approximately 51 years of marriage, Appellee filed a complaint for divorce requesting, among other things, permanent spousal support. Appellant answered the complaint without contesting the divorce. However, Appellant asked the court to refuse to award spousal support.
The parties eventually reached an agreement on the division of the marital estate. Each party would received approximately $70,000 after the sale of the marital home, certain personal property and the surrender of a life insurance policy, an annuity and various bank accounts. The parties also agreed that Appellee would receive a 1997 Oldsmobile valued at $18,000 and that she would be fully responsible for the debt. Appellant received a Chevrolet truck worth about $500. As a result of this agreement, spousal support was the only remaining issue. The trial court conducted a hearing on the matter on October 2, 1998, where the following evidence was adduced:
The parties were married on November 15, 1947. Three children, all of whom are now emancipated, were born out of the relationship. Appellee is 70 years old. She did not graduate from high school, but she worked for nearly 25 years during the marriage. Appellee testified that she stayed home to raise the children during the time that she was not employed. She characterized the parties' standard of living throughout the marriage as "fair". Appellee stated that she could no longer work because of problems with her hip; she also indicated that she has to be medicated for a nervous condition and high blood pressure. Appellee's only source of income is a monthly Social Security benefit in the amount of $431. Appellee testified that although she does not have any substantial debts of her own, she currently lives with her daughter and pays her $300 per week to assist with the household expenses.
Appellant is also 70 years old and is no longer employed. Similar to his ex-spouse, Appellant does not have a high school education and his only source of income is a monthly Social Security benefit in the amount of $1,125. Appellant testified that he planned on relocating to Florida to live with his 68 year-old sister so she could help take care of him. Appellant has had a stroke; he has trouble getting around and often becomes disoriented. Appellant testified that he anticipates using all of his monthly income for personal health care expenses.
The trial court did not render a decision immediately following the presentation of evidence. Instead, the trial court issued a judgment entry on November 9, 1998, granting the parties' divorce and incorporating the agreement on the division of the marital estate into the decree. The court also awarded Appellee permanent spousal support in the amount of $353.94 per month. Thereafter, Appellant filed a timely appeal asserting one assignment of error:
 The trial court erred in awarding spousal support to the Appellee as the court failed to consider each factor under Ohio Revised Code Section 3105.18 and failed to find that there was a specific need for spousal support especially in light of the equitable property division.
Under Ohio law, spousal support encompasses both the division of the marital estate and periodic payments made for further sustenance. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 95; Cherry v. Cherry (1981), 66 Ohio St.2d 348, 352. It is well-settled that trial courts enjoy broad discretion when making the determination of whether to award spousal support and, absent an abuse of discretion, a reviewing court will not reverse the decision to order such an award. Bolinger v. Bolinger (1996),49 Ohio St.3d 120, 122. An abuse of discretion implies more than an error in judgment. Rather, it is a decision that can be described as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Although the decision to award spousal support is discretionary, trial courts are statutorily mandated to consider the factors enumerated in R.C. 3105.18(C) in arriving at an appropriate decision. See, generally, Layne v. Layne (1992),83 Ohio App.3d 559. These factors include:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 * * * of the Revised Code.
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
* * *
 (g) The standard of living the parties established during the marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties * * *;
* * *
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In addition to the statutory mandate, the Ohio Supreme Court has also stated that trial courts should consider whether there is a need for spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,68. The Kunkle court held that "need" is a relative term that should be defined according to the parties' unique circumstances. Id. at 68-69.
We are also mindful that the Supreme Court of Ohio has held that when making an order for spousal support, a trial court must:
 [I]ndicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law.
Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. In the present case, the journalized divorce decree does not indicate any basis for the spousal support order. In fact, the entry merely states that Appellant is obligated to make the monthly payments. Similarly, the trial court did not make any comments at the hearing that would provide this court with an idea of the particular basis for the award.
We also note, in this light, that Appellant did not request the trial court to issue findings of fact or conclusions of law pursuant to Civ.R. 52 before perfecting his appeal to this court. Although Appellant is not required to make such a request, Appellant may have had an opportunity to demonstrate the alleged abuse of discretion had he asked for such findings.
Although the court failed to make written or oral findings revealing its reasons for the support order, a thorough review of the record in this case demonstrates that the trial court clearly did not abuse its discretion in making the award. Both parties testified with regard to several of the relevant factors contained in R.C. 3105.18(C). Given the substantial length of the marriage, the fact that neither party has any relative earning capacity outside their respective Social Security benefits, the poor health of both parties, and the considerable disparity in their current income, we cannot find that the trial court erred in ordering Appellant to pay this rather moderate amount to Appellee to make her monthly income equal to his. We find this to be especially true in light of the parties' agreement to equally divide the entire marital estate. Thus, since the evidence presented establishes that the award was fair, equitable and in accordance with the law, we find that a reversal and remand based upon the rule set forth in Kaechele would serve no practical purpose in this case, other than to needlessly prolong the litigation. Accord, Whitmill v. Whitmill (Aug. 1, 1997), Montgomery App. No. 16228, unreported.
While our decision today affirms the award of spousal support, we must insist that we agree with the Supreme Court's holding in Kaechele. We further admonish the trial court that the better practice is to indicate on the record the basis for an award of spousal support regardless of whether counsel requests the same through Civ. R. 52.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
HADLEY, J., concurs.
SHAW, J., concurs in judgment only.