Judgment Appealed From Is: Affirmed
DECISION.
Defendant-appellant, Sheila M Raphael, appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, terminating her marriage to plaintiff-appellee, James L. Raphael, dividing the marital property, and allocating parental rights and responsibilities. For the following reasons, we affirm the judgment.
The parties were married in 1983. During the marriage, they had four children. Mr. Raphael left the marital residence in November 1993 and established his own home. In January 1994, he filed for divorce.
The property-division hearings, as well as the hearings concerning custody and child support, were conducted before a magistrate, who issued findings of fact and conclusions of law as to all issues in dispute. The magistrate determined that the marriage had terminated in November 1993 when the parties separated. The property was valued as of that date and divided between the parties. A shared-parenting plan was instituted, and Mr. Raphael was ordered to pay child support in the amount of $718 per month for each of the children. He was also ordered to pay spousal support of $1,900 per month through December 31, 1997, and to pay Ms. Raphael's attorney fees in the amount of $10,000.
Both parties filed objections to the magistrate's decision, and the domestic relations court remanded the cause to the magistrate for further findings of fact and conclusions of law. The decree of divorce and the shared-parenting decree were journalized on August 14, 1998.
In the first of twelve assignments of error, Ms. Raphael contends that the trial court erred in failing to issue findings of fact and conclusions of law. This assignment is without merit.
Civ.R. 52 provides that "[a]n opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)." In the case at bar, the court adopted the findings of fact and conclusions of law as issued, and later amended, by the magistrate. Ms. Raphael is correct in stating that, following the hearings on the objections, the trial court deviated in some measure from the magistrate's property division. However, we agree with Mr. Raphael that those deviations were the product of the trial court's determination as to what was equitable under the particular facts of the case and did not reflect a fundamental disagreement with the magistrate's findings of fact and conclusions of law. In any event, the findings of fact and conclusions of law as adopted by the trial court were sufficient to set forth the basis of the court's decision and to allow this court to review the decision. Thus, we find no error in the court's refusal to issue findings of fact and conclusions of law separate from the magistrate's findings and conclusions, and the first assignment of error is accordingly overruled.
In the second and third assignments of error, Ms. Raphael argues that the trial court erred in determining November 3, 1993, to be the termination date of the marriage and therefore in using that date to evaluate the marital assets. We are not persuaded.
It is well settled that the trial court has broad discretion in determining the date that a marriage terminated, and its decision will not be reversed absent an abuse of that discretion.[1] An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.[2]
In the case at bar, the evidence indicates that the parties separated in November 1993. Virtually all financial ties were severed at that time, and the only further contact between the parties consisted of communications regarding child visitation. Though Ms. Raphael emphasizes that she resisted Mr. Raphael's decision to terminate the marriage and that his decision to leave the marital residence was "unilateral," those circumstances were not particularly relevant to the trial court's inquiry concerning when the marriage ended. In any event, we cannot say that the trial court's decision concerning the termination date was arbitrary, unreasonable, or unconscionable.
Having found that the court's decision with respect to the termination date was proper, we must conclude that its use of that date for property-valuation purposes was also proper. Ms. Raphael contends that certain property allocated to Mr. Raphael has appreciated since November 1993 and that the appreciation should have been taken into consideration in dividing the property. This argument is not well taken. As Mr. Raphael aptly notes, the court is required to select an equitable date upon which to evaluate the property; it is not required to account for appreciation or depreciation of the property in perpetuity to ensure that the property division remains equitable. In this case, the trial court's choice of the termination date was supported by the evidence, and each party was accorded the appreciation in the property as allocated. Thus, the court did not abuse its discretion, and the second and third assignments of error are therefore overruled.
In her fourth, eighth, ninth, tenth, and eleventh assignments of error, Ms. Raphael argues that the trial court erred in its division of the marital property and liabilities. Because these assignments concern similar and interrelated issues, we address them together.
The division of marital property is governed by R.C.3105.171(C)(1), which provides that marital property shall be divided equally unless an equal division would be inequitable. The factors that the court must consider in making its decision are set forth in R.C. 3105.171(F). The domestic relations court has broad discretion in dividing marital property, and a reviewing court will not disturb that decision absent an abuse of discretion.[3]
In the instant case, the record reflects that the trial court considered all relevant statutory factors and awarded Ms. Raphael substantially more than one-half of the marital property. Nonetheless, Ms. Raphael takes issue with various aspects of the court's disposition of the marital assets and liabilities.
Ms. Raphael first argues that the trial court erred in failing to give credit to Mr. Raphael for having received marital funds used to pay income tax on separate property, specifically on Mr. Raphael's mutual fund.[4] This argument is not well taken. As Mr. Raphael correctly notes, the record does not reflect whether the funds used to pay the income tax were marital or separate. Therefore, we cannot characterize the trial court's failure to credit Mr. Raphael with having received those funds as an abuse of discretion.
Ms. Raphael next argues that the domestic relations court erred in ordering her to reimburse Mr. Raphael for expenditures that he claimed to have made for marital debts. Ms. Raphael contends that the evidence did not support a finding that the expenditures involved marital debts. We disagree. The expenditures are reflected in the evidence before the magistrate, and the testimony and exhibits indicate that they were for marital obligations.
Ms. Raphael also argues that the court erred in ordering reimbursement for the payments because Mr. Raphael had not made any demand for payment at the time the obligations were incurred. This argument is without merit. There is no requirement that one spouse make a demand for payment to the other at the time the debt is incurred for the debt to be properly characterized as marital. Moreover, Ms. Raphael's argument that she could have taken steps to reduce the parties' obligations if she had been notified earlier is not supported by the record.
Next, Ms. Raphael contends that the trial court erred in failing to consider as a marital asset the increase in equity in the marital residence as a result of payments on the mortgage during the marriage. This argument is also not supported by the record. The magistrate considered the payment of the mortgage, as well as appreciation on the residence, as marital property.
Ms. Raphael also argues that the court erred in determining the value of a 1991 Mazda van as of November 1993. At that time, the Raphaels owed over $8,000 on the van, and that amount was subtracted from its fair market value. Ms. Raphael asserts that Mr. Raphael should have been credited with having received the full market value of the van because he had sole use of the van while the debt was being paid. This argument is not persuasive. As we have already held, the court was justified in valuing the property as of November 1993, and the van's value to the parties at that time was properly reduced by the debt. In any event, we cannot say that the trial court's failure to credit Mr. Raphael with the full value of the van renders the property division inequitable or indicates that the court's decision was arbitrary, unreasonable, or unconscionable.
Ms. Raphael's final argument with respect to the property division is that the court erred in failing to include all stock options accumulated during the marriage in the marital property. First, she contends that the trial court reduced the number of marital stock options from 15,200 to 14,200 without explanation. We are not persuaded. The reduction was supported by evidence that indicated, consistent with Mr. Raphael's objection, that the 15,200 was a clerical error. Second, she contends that the court erred in considering options awarded between November 1993 and March 1994 to be separate property, on the basis that the options must have been earned during the marriage. This argument is contradicted by evidence in the record indicating that the award of the stock options was intended to encourage future performance and was not based upon Mr. Raphael's job performance during the marriage. Thus, we find no error in the trial court's decision.
In sum, the record reflects that the trial court reached an equitable division of the marital assets and liabilities, and Ms. Raphael has failed to demonstrate any abuse of the court's discretion. Accordingly, the fourth, eighth, ninth, tenth, and eleventh assignments of error are overruled.
In her fifth assignment of error, Ms. Raphael argues that the domestic relations court erred in failing to include certain portions of Mr. Raphael's income in the calculation of child support. We find no error.
R.C. 3113.215(A)(2)(e) provides that "gross income" for child-support purposes does not include "[n]onrecurring or unsustainable income or cash flow items." R.C. 3113.215(A)(11) defines such income as an item that the party receives in any year, or for any number of years not to exceed three, but that the party does not expect to receive on a regular basis. In the case at bar, Mr. Raphael received life-insurance benefits, dividend income, capital gains from mutual funds, and other income items for the relevant years. There was evidence adduced before the magistrate that some of these items of income were nonrecurring within the meaning of the statute, and the magistrate accordingly omitted them from Mr. Raphael's gross income. The magistrate did include interest and dividend income of $8,000 for those items of income that the evidence indicated were recurring. We find no error in the magistrate's calculations and hereby overrule the fifth assignment of error.
Ms. Raphael argues in her sixth assignment of error that the domestic relations court erred in refusing to grant spousal support beyond December 31, 1997. In determining whether to award spousal support and in determining the amount and duration of the support, the domestic relations court must consider the factors set forth in R.C. 3105.18(C). The court's decision concerning spousal support will not be reversed absent an abuse of discretion.[5]
We find no abuse of discretion in the case at bar. Ms. Raphael's argument focuses on the fact that Mr. Raphael's income is approximately $200,000 per year while, at the time of the proceedings below, she had no income. She contends that her health problems render her unemployable and that, therefore, the support award was unfairly limited.
We are not persuaded by this argument. The record indicates that Ms. Raphael is well qualified for a career in education. She has a bachelor's degree in English literature and a master's degree in day-care supervision. She also has substantial training in Montessori education and had worked in Montessori schools prior to her marriage to Mr. Raphael. Although Ms. Raphael presented evidence of serious health problems, that evidence did not necessitate a finding that she is unemployable. On the contrary, the evidence suggested that her difficulties could be greatly alleviated with medication. Moreover, given the substantial assets that Ms. Raphael was awarded in the division of the marital property, the trial court could have reasonably concluded that four years of spousal support was sufficient. Accordingly, we overrule the sixth assignment of error.
In her seventh assignment of error, Ms. Raphael argues that the trial court erred in awarding her only $10,000 in attorney fees. She argues that the court did not take into account her lack of income and her health problems when it limited the attorney-fee award. We are not persuaded.
Pursuant to R.C. 3105.18(H), an award of attorney fees is appropriate only upon the court's determination that the person from whom fees are sought has the ability to pay the fees and that "either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if [the court] does not award reasonable attorney's fees." The decision of the domestic relations court concerning attorney fees will not be reversed absent an abuse of discretion.[6]
Here, we find no abuse of discretion in the amount of fees that the court awarded. Though there is evidence in the record that Ms. Raphael's earning power was less than that of Mr. Raphael, the court attempted to ameliorate her financial condition in its award of child support and spousal support, and in its division of the marital property. Given those circumstances, the court could have properly determined that the $10,000 award for attorney fees was sufficient to allow Ms. Raphael to protect her interests. We therefore overrule the seventh assignment of error.
In the twelfth and final assignment of error, Ms. Raphael argues that the trial court erred in ordering her to pay one-half of the children's uncovered medical expenses. We find no merit in this assignment. The record reflects that the domestic relations court implemented the standard order provided by statute. Although Ms. Raphael argues that the court should have deviated from the standard order based upon the disparity of the parties' income, we find no abuse of discretion.[7] Given that Ms. Raphael was awarded child support and a substantial percentage of the marital assets, and that she was also awarded spousal support for a considerable period of time, it was not improper for the trial court to order her to pay one-half of the medical expenses.
Having overruled each of Ms. Raphael's assignments of error, we hereby affirm the judgment of the domestic relations court.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See Berish v. Berish (1982), 69 Ohio St.2d 318,432 N.E.2d 183, and Andwan v. Andwan (July 2, 1999), Hamilton App. No. C-980711, unreported. Ms. Raphael suggests that the holding inBerish has been superseded by R.C. 3105.171(A)(2), which provides that the term "during the marriage" means through the date of the final hearing, unless the court determines that such date would be inequitable. In that case, "the court may select dates that it considers equitable in determining marital property." We agree with Mr. Raphael that this statutory language in effect represents a codification of the Berish rule and does not operate to limit the discretion of the domestic relations court in deciding the termination date of a marriage.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[3] See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401,696 N.E.2d 575, 578, and Kinman v. Kinman (July 16, 1999), Hamilton App. No. C-980592, unreported.
[4] Ms. Raphael also suggests that the income tax payments transformed the mutual fund, or at least its income or appreciation, into marital property. We reject this argument, as the record reflects the parties' stipulation that the shares in the fund in question were separate property.
[5] Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,551 N.E.2d 157.
[6] See Andwan, supra.
[7] See, generally, Cox v. Cox (Dec. 4, 1998), Hamilton App. No. C-970772, unreported.