OPINION
This an appeal from the judgment of the Hancock County Court of Common Pleas which divided the marital assets of Plaintiff-Appellant, Van Blankenship (Mr. Blankenship), and Defendant-Appellee, Jo Ann Blankenship (Mrs. Blankenship), and awarded spousal support to Mrs. Blankenship.
In March of 1997, the Blankenships separated, and Mr. Blankenship moved out of the marital home. Mr. Blankenship filed for divorce on February 9, 1999[1] and on March 17, 1999, Mrs. Blankenship filed an answer and counterclaim. On August 23, 1999, both parties filed certain joint stipulations, however several matters remained in dispute. On April 4, 2000, a final evidentiary hearing was held before a magistrate. At this hearing, Mr. Blankenship testified that he had paid Mrs. Blankenship $500 per month, made insurance payments, house payments and automobile payments for Mrs. Blankenship's benefit during the divorce proceedings. Accordingly, Mrs. Blankenship testified that Mr. Blankenship paid her $500 per month. However, she also testified that Mr. Blankenship deducted money from these payments. No demonstrative evidence was submitted concerning these purported payments. Additionally, Jerome Schroeder, a local accountant testified as to the tax implications of Mr. Blankenship's retirement account. The April 4, 2000, hearing was continued until January 25, 2001.[2] At the January 25, 2001, hearing, the court heard additional evidence, and the parties entered into additional stipulations. On August 3, 2001, the final judgment entry was filed with the trial court.
Mr. Blankenship now appeals asserting four assignments of error. The first and second assignments of error assert,
 The trial court erred as a matter of law, in either setting the effective date of Appellant's spousal support at February 2001 without a credit for direct payments being made by plaintiff for the support of Appellee, or, in failing to set the effective date of spousal support at the journalization date of the decree, namely August 3, 2001.
 The trial court erred, as a matter of law, in the amount of spousal support that it required Appellant to pay Appellee.
A trial court has considerable latitude when determining the amount of spousal support to award in a divorce proceeding. Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120, 122. As such, an appellate court will not reverse a trial court's determination regarding spousal support unless the appellate court finds, under the totality of the circumstances, that the trial court abused its discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67.
R.C. 3105.18(C)(1) sets forth the factors the trial court is to consider when determining the amount of spousal support to award including:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
When considering these factors, the trial court is to weigh the need for support against the ability to pay. Schaeffer v. Schaeffer (March 30, 2001), Mercer App. No. 10-2000-15, unreported at *3. Moreover, the goal "is to reach an equitable result. The method by which the goal is achieved cannot be reduced to a mathematical formula." Kunkle, supra at 70, quoting Kaechele v. Kaechele (l988), 35 Ohio St.3d 93, 95-96.
The record in this case clearly reveals that the trial court examined the factors in R.C. 3105.18(C)(1) and made findings accordingly. While Mr. Blankenship argues that the trial court miscalculated when determining the amount of spousal support, the trial court is only required to come to an equitable result, not follow a precise equation. As the trial court is afforded considerable discretion when awarding spousal support and the trial court in this case, examined the factors listed in R.C. 3105.18, we cannot find that the trial court abused its discretion under the totality of the circumstances.
While Mr. Blankenship further argues that he should be given credit for payments made prior to the final hearing, he did not produce any physical evidence to demonstrate the specific amount or purpose of any payments made to Mrs. Blankenship. As such, we cannot find that the trial court abused its discretion when it did not consider these purported payments. As such, Appellant's first and second assignments of error are overruled.
Appellant's third and fourth assignments of error assert,
 The trial court erred, as a matter of law, in holding that the tax offset from the values of Appellant's pension and thrift plan were speculative.
 The trial court erred as a matter of law, in its decision to divide Appellant's thrift plan by a set amount of 2001 dollars instead [of] a percentage of the number of shares in the Plan in July, 1999, the stipulated date of division.
 A trial court has considerable discretion when dividing marital assets. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180. Additionally, retirement benefits are generally considered marital property and are subject to equitable division in a divorce proceeding. Id at 178. Accordingly, a trial court has discretion after hearing all of the evidence and any expert testimony to determine,
 [w]hether or not the value of a party's pension and retirement plans which are not immediately terminated should be reduced by estimated future tax consequences on distribution and, if so, by how much.
 Cogley v. Cogley (June 16, 1993), Hancock App. No. 5-92-41, unreported. Furthermore, a trial court is not required to consider tax consequences or costs which are speculative. Kimmey v. Kimmey (Oct. 31, 2001), Allen App. No. 1-01-68, unreported.
In its judgment entry, the trial court did not consider the future tax consequences of Mr. Blankenship's retirement plans when allocating the marital property stating, "at the time the plaintiff begins to receive his pension payments, tax rates may be entirely different." As we find that the trial court has latitude in determining whether the pension plans should be reduced by estimated future tax consequences, we cannot find that the trial court abuse its discretion when it failed to discount Mr. Blankenship's retirement plans by these estimates.
Mr. Blankenship further argues that the trial court should have divided his thrift plan, which was valued at $44,000 in 1998, in terms of shares rather than dollars. However, Mr. Blankenship agreed to use joint stipulations regarding the value of the plans and also objected to any modification of those stipulations. As such, we cannot find that the trial court abused its discretion. The Appellant's third and fourth assignments of error are also overruled.
Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.
[1] On April 23, 1999, Mr. Blankenship filed an amended complaint.
[2] The final day of the hearing was postponed to this late date because the Magistrate in the case became ill.