OPINION
Defendant-appellant, Wayne B. Henderson ("the appellant"), appeals from a judgment of the Common Pleas Court of Mercer County, Domestic Relations Division, granting a divorce in favor of plaintiff-appellee, Kathy M. Henderson ("the appellee"). For the reasons that follow, we reverse the judgment below.
The pertinent facts and procedural history of this case are as follows. The Hendersons, now of Celina, Ohio, were married on or about May 19, 1979 in Anaheim, California. Two children were born as issue of the marriage. The oldest child is emancipated; the youngest child, a minor, was born December 1, 1986.
On January 26, 2001, the appellee filed a divorce complaint alleging that she and the appellant were incompatible as husband and wife. A hearing was held before the magistrate on July 13, 2001. The magistrate's decision was filed on August 2, 2001 and was objected to by the appellant. The judgment entry adopting the magistrate's decision, including its findings of fact and conclusions of law, was filed on November 28, 2001. The appellant now appeals asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The Trial Court erred in not designating which parent may claim the minor child as a dependent for federal income tax purposes.
In his first assignment of error, the appellant contends that the trial court computed a support order for the dependent child but failed to designate which parent shall claim the child as a dependent for federal income tax purposes.
R.C. 3119.82 states, in pertinent part:
 "Whenever a court issues * * * a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order."
R.C. 3119.82 also provides that in the event that the parties do not agree which parent may claim the child as a dependent, the court, in making its determination, shall consider tax savings, the relative financial circumstances and needs of each parent and the child, the amount of time spent with each parent by the child, the eligibility of either or both parents for tax credits, and any other relevant factors which concern the best interest of the child.
Our review of the record reveals that the trial court did not declare which parent may claim the minor child as a dependent. Because R.C. 3119.82
expressly requires the court issuing the child support order to make the designation, we reverse and remand this issue to the trial court for compliance with the statute.
The appellant's first assignment of error is affirmed.
 ASSIGNMENT OF ERROR NO. II The Trial Court erred in awarding spousal support in not indicating the basis for its award in sufficient detail to assist a reviewing court to determine whether the award is fair and equitable.
Ohio's trial courts enjoy broad discretion in determining the appropriateness as well as the amount of spousal support. Absent an abuse of discretion, a reviewing court will not reverse the decision to order such an award.[1] An abuse of discretion implies more than an error of judgment, it is a decision that can be described as unreasonable, arbitrary, or unconscionable.[2]
Although a court's decision to award spousal support is discretionary, trial court's are statutorily mandated to consider the factors enumerated in R.C. 3105.18(C) in arriving at an appropriate decision.[3] In addition to the statutory mandate, the Ohio Supreme Court has stated that trial courts should consider whether there is a need for spousal support.[4] "Need" is a relative term that ought to be defined according to the parties' unique circumstances.[5] The resulting award must be fair, equitable, and in accordance with the law.[6] The Supreme Court of Ohio has also held that when making an order for spousal support, a trial court must:
 "[I]ndicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law."[7]
In the case at bar, the appellee was awarded spousal support in the amount of $500.00 per month, every month, for a period of five years. The appellant claims that the basis for the spousal support award was not explained in sufficient detail to enable this court to determine whether the award is fair and equitable. The basis for the award is found in the Magistrate's Decision, of August 2, 2001, which reads as follows:
 "Plaintiff is employed with an annual income of $17,200.00. Defendant is employed with an annual income of $48,000.00
"* * *
 "The parties have an equal education. Plaintiff has testified that without further education, her income earning ability is limited.
 "Spousal support would be taxable to the recipient and deductible to the payor.
 "Plaintiff was mainly a "stay-at-home" mother during the marriage taking care of the family home and the children while defendant worked earning an income that permitted the parties to have a comfortable standard of living.
 "Based on the evidence and a review of all factors of R.C. 3105.18, plaintiff is entitled to an award of spousal support."
The appellant concedes that the magistrate's decision cited evidence relevant to some of the factors set forth in R.C. 3105.18(C)(1).[8]
However, the appellant asserts that the basis for the per month amount of spousal support is not explained. We agree.
The trial court has failed to evaluate this evidence in its opinion and has provided no details as to how it arrived at a spousal support figure of $500.00 per month. As enounced by the Eighth District in Gray v.Gray, "a mere recitation of the evidence is an insufficient basis for this court to review the appropriateness of the amount, terms and duration of a spousal support award."[9] We will not speculate as to the deliberative process employed by the trial court in reaching its spousal support award.[10] Therefore, we must reverse and remand for additional findings of fact.
The appellant's second assignment of error is affirmed.
 ASSIGNMENT OF ERROR NO. III The Trial Court erred in not awarding the husband his separate pre-marital property contrary to the express mandates of the ORC 3105.071 [sic].
In his final assignment of error, the appellant contends that the trial court erred in not awarding him his separate property.
In a divorce proceeding, the trial court must classify property as marital or separate and then award each spouse his or her separate assets.[11] The marital property is then divided equally, or in a manner the court determines to be equitable.[12] Marital property includes "all real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage."[13] Separate property includes all real and personal property and any interest in real or personal property that is found by the court to be acquired by one spouse prior to the date of marriage.[14]
In determining whether the trial court has appropriately categorized property as separate or marital, our standard of review is whether the classification is against the manifest weight of the evidence.[15]
When we consider manifest weight arguments, we "review the evidence, and . . . determine whether, when appropriate deference is given to the factual conclusion of the trial court, the evidence persuades us by the requisite burden of proof."[16] If there is sufficient evidence in the record that Mr. Henderson rolled a pre-marital IRA over into an account held jointly by both spouses, then that amount, and any passive appreciation he can trace to that separate property, should be deemed to constitute his separate property.
The appellant testified that he had separate property of $2,700.00 in retirement funds from a 401(k) plan entered into prior to marriage that he rolled into a jointly-held IRA during the marriage. Aside from Mr. Henderson's testimony, no further evidence was introduced at trial in support of this assertion or contesting the assertion. The trial court found that the evidence introduced failed to establish that the retirement benefits should not be equally divided.
Because manifest weight of the evidence is a highly deferential standard of review, the reviewing court should presume the findings are correct because the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony."[17] Here, the magistrate stood in the best position to weigh the credibility of the evidence and to determine whether the $2,700.00 was the appellant's separate property. However, despite the lack of evidence supporting the appellant's assertion and the deference due the trial court, we conclude that the court's classification of the property is against the manifest weight of the evidence. The record is simply void of evidence challenging Mr. Henderson's testimony that the $2,700.00 is his separate property.
Accordingly, the appellant's third assignment of error is affirmed.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
SHAW, P.J., and BRYANT, J., concur.
[1] Bolinger v. Bolinger (1996), 49 Ohio St.3d 120, 122.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus.
[4] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 68; Layne v. Layne
(1992) 83 Ohio App.3d 559.
[5] Id.
[6] Kaechele, 35 Ohio St.3d 93.
[7] Id. at paragraph two of the syllabus.
[8] The trial court specifically addressed factors (a), (b), (h), (l), and (m) of R.C. 3105.18.
[9] (June 28, 2001), Cuyahoga App. No. 78419.
[10] Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 607.
[11] R.C. 3105.171(B) and (D).
[12] R.C. 3105.171(C)(1).
[13] R.C. 3105.171(A)(3)(a)(i).
[14] R.C. 3105.171(A)(6)(a)(ii).
[15] Barkley v. Barkley (1997), 119 Ohio App.3d 155.
[16] Howard v. Howard (Mar. 20, 1998), Montgomery App. No. 16542.
[17] Barkley, 119 Ohio App.3d at 159.