OPINION
{¶ 1} Plaintiff-appellant James E. Hosenbackez appeals the December 11, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which modified in part, and approved and adopted in part a magistrate's decision granting the parties a divorce. Appellant appeals only that portion of the trial court's judgment entry as it pertains to spousal support. Defendant-appellee is Mona J. Hosenbackez.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on November 15, 1974. The parties two children were emancipated at the time of the trial.
 {¶ 3} Appellant is employed by the Timken Company and earned $54,268 in 2000. Appellee is employed by Check Into Cash and earned $23,471.39 in 2000.
 {¶ 4} Appellee filed a Complaint In Divorce on December 21, 2001. The case proceeded to trial in front of a magistrate on August 29, 2001. The magistrate filed her decision on September 12, 2001, in which appellant was ordered to pay appellee spousal support in the amount of $1,000 for thirty-six months, followed by spousal support payments of $800 per month for the next thirty-six months, and followed in turn by spousal support payments of $600 per month for the next thirty-six months.
 {¶ 5} On October 4, 2001, appellant filed an objection to the magistrate's decision with leave of the trial court. Appellant's objection was heard on December 3, 2001. In its December 11, 2001 Judgment Entry, the trial court modified the magistrate's decision as it pertained to spousal support. The trial court ordered appellant to pay appellee spousal support in the amount of $850 for nine years. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING EXCESSIVE SPOUSAL SUPPORT."
 I. {¶ 7} In support of his assertion of error in the trial court's spousal support order, appellant asserts "Specifically, the trial court did not afford proper weight to the prospect of appellant's liabilities in the event the sale of the marital residence fails to yield that which is necessary to pay marital debts or the amount payable to appellee to equalize division of marital assets." Appellant's Brief at 4.
 {¶ 8} By way of background, the trial court found the parties' equity in the marital home was $60,244.19. It further found the parties' marital debts totaled $37,621.45. The trial court ordered the marital home sold and the debts paid from the sale. Appellant was to pay appellee $2,313.63 from the remaining proceeds to equalize the division of the marital property. However, if the sale of the marital home did not yield sufficient funds, appellant was ordered to pay 70% of the remaining marital debts and $200 per month to appellee until satisfaction of the $2,313.63 equalization. In such scenario, appellant argues the spousal support payment of $850 together with payment of the $200 per month equalization payment and obligation to pay 70% of the remaining debt, is not fair and equitable. Therefore, appellant argues the spousal support order is excessive.
 {¶ 9} It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,551 N.E.2d 157. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds the trial court abused its discretion, Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83; Cherry v. Cherry (1981),66 Ohio St.2d 348, 352, 421 N.E.2d 1293. The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the courts attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} In making a spousal support award, a trial court must consider all of the relevant factors in R.C. 3105.18, then weigh the need for support against the ability to pay. Layne v. Layne (1992),83 Ohio App.3d 559, 562-563, 615 N.E.2d 332. The resulting award must be fair, equitable and in accordance with the law. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 94, 518 N.E.2d 1197. An equitable result requires that to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of R.C. 3105.18. Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110,546 N.E.2d 950.
 {¶ 11} R.C. 3105.18(C)(1) sets forth the factors a trial court must consider when determining an award for spousal support. That statute provides:
 {¶ 12} (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, an duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 13} "(a) The income of the parties, from all sources * * *;
 {¶ 14} "(b) The relative earning abilities of the parties;
 {¶ 15} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 16} "(d) The retirement benefits of the parties;
 {¶ 17} "(e) The duration of the marriage;
 {¶ 18} "(f) The extent to which it would be inappropriate for a party, because he will be custodial of a minor child of the marriage, to seek employment outside the home;
 {¶ 19} "(g) The standard of living of the parties established during the marriage;
 {¶ 20} "(h) The relative extent of education of the parties;
 {¶ 21} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 24} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 26} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} The relative assets and liabilities of the parties including any court ordered payments by the parties is only one of the factors to be considered by the trial court. The magistrate explained her reasons for her spousal support decision in Conclusion of Law No. 9. We do not find the trial court abused its discretion in its modification of the spousal support order when all of the factors set forth in R.C. 31.05.18(C)(1) are considered.
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} The December 11, 2001 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: abuse of discretion excessive spousal support