DECISION AND JUDGMENT ENTRY
This is an appeal from the judgments of the Lucas County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce, ordered appellant to pay spousal support and a portion of appellee's attorney fees, and denied appellant's "Motion for Modification of Temporary Order and Other Relief." For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR:
 "The trial court abused its discretion in awarding plaintiff/appellee spousal support in its 2-1-99 decision.
"SECOND ASSIGNMENT OF ERROR:
 "The trial court abused its discretion in awarding plaintiff/appellee attorney fees in its 2-1-99 decision.
"THIRD ASSIGNMENT OF ERROR
 "The trial court failed to follow the law in its denial of defendant/appellant's motion to modify temporary orders and other relief and such denial was unreasonable, arbitrary and unconscionable and therefore an abuse of discretion."
Appellant and appellee were married in 1971. Two children were born to them during the marriage and both were emancipated at the time of the divorce. On February 21, 1995, appellee filed a complaint for divorce and on March 8, 1995, appellant filed an answer and counterclaim for divorce. The parties agreed to a disposition of martial assets. The case proceeded to a hearing, held on June 14 and July 8, 1996, on the issues of spousal support,[1] attorney fees and filing of their 1995 and 1996 tax returns. At the hearing, the following relevant evidence was presented.
At the time of the proceedings, appellee was forty-four years old and appellant was forty-three years old. Appellee had a high school diploma and appellant had gone to school through eleventh grade. During the twenty-five year marriage, appellee was not employed outside the home. At home, she was the primary caretaker for the parties' two children and performed a majority of the household tasks. Appellant, on the other hand, provided the family's financial support by working full time as an automobile body repairman and, later, body shop manager.
In 1989, appellee returned to school to obtain an associate's degree in nursing. According to appellee, she paid her tuition from monies received as a per diem nursing assistant and from Christmas and birthday money. Appellant believed that he financially contributed to her tuition.
Appellee testified that in 1995, she earned $29,959. She stated that her total monthly expenses were $2,431.50. Appellant testified that in 1995, his earnings were $58,150.30. His total expenses were listed as $3,194.50.
The trial court, on February 1, 1999, entered its decision. The court awarded appellee spousal support in the amount of $585 per month for eight years. The court also ordered that appellant contribute to appellee's attorney fees in the sum of $3,000. The award was journalized in a final judgment entry of divorce, on September 1, 1999.
Prior to the trial court's February 1, 1999 decision, appellant filed a motion for modification of the temporary order and other relief. In his motion, appellant claimed that there had been a substantial change in circumstances between the parties as to income, employment and expenses. A hearing was held on the motion on December 9, 1999. After the close of evidence, the trial court denied the motion. A written judgment entry was journalized on January 18, 2000. This appeal followed. In his first assignment of error, appellant argues that the trial court abused its discretion when it ordered spousal support because it considered only the length of the marriage and the income of the parties in making its determination, in contravention of R.C. 3105.18.
R.C. 3105.18(C)(1) sets forth the following fourteen factors which the trial court must consider before making a spousal support award:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will be not be reversed unless a reviewing court after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In determining whether or not to award spousal support, a trial court must consider all the relevant factors under R.C. 3105.18 and then weigh the need for support against the ability to pay. Layne v. Layne (1992),83 Ohio App.3d 559, 562-563. The resulting award must be "fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 94. An equitable result requires that "[t]o the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage adjusted by the various factors of [R.C. 3105.18]." Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 110.
In the instant case the trial court, in its decision, stated that it had considered the statutory factors set forth in R.C. 3105.18(C)(1). The trial court specifically addressed factors (a), (c), (d), (e), (g), (h), (i), (j), and (l). The other factors, with the exception of (b), were not applicable to the parties. Addressing the above factors, the trial court found that the parties were forty-four years old and in good health and that the marriage was of long duration. The trial court stated that in 1995, appellant earned $58,140 and appellee earned $29,959; and that appellant had accrued retirement benefits, while appellee had minimal, if any, because she had become employed full time in 1994. The trial court acknowledged that appellant had contributed to appellee's education expenses and had only an eleventh grade education. As to standard of living, the trial court found that the parties had maintained a "modest middle-class lifestyle." The trial court further noted that appellant's monthly expenses totaled $2,734.50 and appellee's totaled $2,431.50.[2] Finally, the court specifically stated that it had considered the tax consequences of the parties relative to a spousal support order.
After careful review of the record in this case we find that the trial court properly considered the relevant factors in R.C. 3105.18. While the trial court did not specifically address the relative earning capacities of the parties, factor "(b)," it does not follow that said factor was not considered. This court has acknowledged that a trial court is not required to enumerate each factor, but must only provide a sufficient basis supporting its award. Rowe v. Rowe (1990),69 Ohio App.3d 607, 615. Because the trial court provided ample evidence to support its award, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in awarding appellee spousal support. Accordingly, appellant's first assignment of error is not well-taken.
Appellant, in his second assignment of error, challenges the trial court's order that he pay a portion of appellee's attorney fees. A decision to award or not to award attorney fees should not be interfered with absent a clear showing of abuse or prejudice by the trial court.Birath v. Birath (1988), 53 Ohio App.3d 31, 39.
R.C. 3105.18(H) permits an award of attorney fees if the court:
 "determines that the other party has the ability to pay the attorney fees that the court awards. When the court determines whether to award reasonable attorney fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney fees."
For the same reasons discussed in appellant's first assignment of error, we conclude that the trial court's award of attorney fees was proper and reasonable. The facts and circumstances of this case support a finding that appellee would be prevented from fully litigating her rights and adequately protecting her interests without such an award. Appellee, without objection and as an attachment to her trial memorandum, presented an itemized billing statement in support of her $7,752.36 claim for attorney fees; appellee was awarded $3,000 of that amount. Accordingly, we cannot say the trial court abused its discretion when it ordered appellant to contribute to appellee's attorney fees. Appellant's second assignment of error is not well-taken.
In his third and final assignment of error, appellant argues that the trial court abused its discretion when it failed to modify the amount of spousal support owed to appellee because there was a substantial change of circumstances.
The December 9, 1999 hearing on the motion was recorded; however, the recording device failed as to the beginning of the hearing. Cross-examination of appellee and the ruling by the trial court were all that was preserved. Appellee's sworn statement of the evidence was adopted by the trial court. Thus, according to the statement and transcript, the following evidence was presented.
Appellee testified that she earned approximately $34,000 in 1999. She received approximately $25,000 as her share of the equity in the marital home and received $18,000 of appellant's 401k. Appellee testified that she used the monies from the marital home as a down payment on a condominium.
Appellee also testified that she received a $150,000 inheritance upon the death of her aunt. She used a portion of the monies to pay attorney fees and purchase furniture. She was left with approximately $125,000, including the 401k monies, which she invested for her retirement. Appellee also stated that she would be needing to purchase a new car.
Appellant testified that he voluntarily quit his job because he refused to work for someone who did not respect him. He stated that he had borrowed $4,000 from his brother and was working at his auto body shop to repay the loan. He received no actual wages from his brother. Appellant testified that he had not sought new employment because he was almost fifty years old and body shop work was hard work.
Appellant also testified that he purchased a new truck and a snowmobile and that he owns a 1991 Chevrolet Corvette. He further stated that he has monthly expenses of over $4,200 and has no income or savings. He admitted to being in arrears on the court ordered spousal support.
At the close of the evidence, the trial court stated, in part:
 "Okay. Well, here — here's the deal. This was a 25+ year marriage where the plaintiff had basically been a homemaker, stayed home and took care of the family. She tried to better herself by going out and getting a degree in nursing and has got a job.
 "Support put on an order for what I consider to be a modest amount of spousal support, given disparity in the incomes at the time and the statutory factors at the time. Mr. Stockman, for no good reason that's apparent to this Court, quit a very good job that he had for 20 years because he, `won't work for someone who doesn't appreciate me.' Sir, nobody is appreciated less than me and I haven't quit. There's sort of a rule that everybody knows, I think, or everybody should know, you don't quit a job without one in hand. He apparently did."
The trial court then denied appellant's motion to modify.
Pursuant to R.C. 3105.18(E)(1), a court that enters a decree of divorce does not have jurisdiction to modify the amount or terms of a spousal support award unless the court determines that the circumstances of either party have changed and the decree of divorce contains a provision specifically authorizing the court to modify the terms of the spousal support award. A change in circumstances "* * * includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). "If the movant has adequately shown changed circumstances, the trial court may look to R.C. 3105.18(B) for guidance in modifying the award."Gross v. Gross (1990), 64 Ohio App.3d 815, 818.
This court will not reverse a trial court's ruling on a motion to modify spousal support absent an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. The term "abuse of discretion" suggests that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore, 5 Ohio St.3d 219.
Appellant argues that the trial court simply focused on the fact that appellant quit his job, not that appellee, at the time of the hearing, was making approximately $32,000 per year and had inherited $150,000. Appellee, on the other hand, contends that there was ample testimony at the hearing that her inheritance had been invested solely for her retirement.
Upon review of the parties' arguments, the hearing transcript and statement of evidence, the trial court's decision and the applicable law, we find that the trial court could have reasonably found that appellant was voluntarily unemployed and that appellee's wages and inheritance did not constitute a change of circumstances sufficient to warrant modification of spousal support. Accordingly, the trial court did not abuse its discretion when it denied the motion to modify spousal support, and appellant's third assignment of error is not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
 ________________________ PIETRYKOWSKI, J.
 Richard W. Knepper, P.J., John R. Milligan, J., JUDGES CONCUR.
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] During the pendency of the divorce, appellee was awarded temporary spousal support in the sum of $585 per month.
[2] Appellant's submission to the trial court of monthly expenses originally totaled $3,194.50. The trial court modified the $660 enrichment sum, subtracting $200 for a total of $460.