MALONE, Appellee,

v.

MALONE, Appellant.

[Cite as *Malone v. Malone* (1998), 126 Ohio App.3d 685.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 97 CA 2544.

Decided March 20, 1998.

*Bannon, Howland & Dever, Co., L.P.A.,* and *Robert R. Dever,* for appellee.

*Catanzaro & Rosenberger* and *Jerome D. Catanzaro,* for appellant.

PETER B. ABELE, Judge.

This is an appeal from a Scioto County Common Pleas Court divorce decree and from a judgment overruling a motion for new trial filed by Patrick P. Malone,

defendant below and appellant herein, against M. Nadine Malone, plaintiff below and appellee herein.

Although appellant stated three proposed assignments of error in his notice of appeal and referred to "all of the assignments of error" in his appellate brief, appellant failed to state assignments of error in his appellate brief as required by App.R. 16(A)(3).[1] Appellant also failed to separately argue each assignment of error as required by App.R. 16(A)(7).

App.R. 12(A)(2) permits us to disregard each assignment of error not separately stated and argued in the appellate brief. In the interest of justice, we will consider appellant's proposed assignments of error.

First Assignment of Error

"The trial court committed error in refusing to divide appellee's pension."

Second Assignment of Error:

"The trial court committed error in failing to grant appellant's motion for new trial filed on July 31, 1997 or to have a hearing on said motion."

Third Assignment of Error:

"The decision of the trial court is against the manifest weight of the evidence."

The parties married in 1982 and had one child born in 1986. On March 28, 1996, appellee filed the instant action for divorce. On July 18, 1997, the court, pursuant to an agreement by the parties, granted the parties a divorce, divided their personal and real property, and named appellee the child's residential parent. The divorce decree did not mention pensions or other retirement benefits.

On July 31, 1997, appellant filed a Civ.R. 59 motion for new trial. In a memorandum in support of the motion, appellant explained, that appellee had been employed for twenty years at a life insurance company and "would have a pension plan that should be subject to division as a marital asset."

On August 5, 1997, appellee filed a memorandum in opposition to appellant's motion for new trial. Appellee argued that the question of whether appellant should receive a portion of appellee's pension is irrelevant and moot. We note that a trial court's judgment with respect to a request for a new trial will be reversed only if the trial court abused its discretion. *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685; *Airborne Express, Inc. v. Sys. Research Laboratories, Inc.* (1995), 106 Ohio App.3d 498, 666 N.E.2d 584.

---

1. Different counsel represented appellant during the proceedings below.

On September 5, 1997, the trial court overruled appellant's motion for new trial. The trial court wrote in pertinent part as follows:

"The parties entered into a written Memorandum of Agreement ('MOA') which settled their case and an uncontested divorce was granted the same date. Both parties testified in open Court that they signed the MOA, that they each felt it was fair and equitable, and they both wanted it approved by the Court. The Court approved the MOA and made it the order in this case as reflected in the Decree of Divorce filed July 18, 1997.

"The Motion for new trial is not well taken and is OVERRULED and DENIED."

Appellant filed a notice of appeal from both the July 18, 1997 divorce decree and the September 5, 1997 judgment overruling his motion for new trial.

In his argument on appeal, appellant asserts that all of his assignments of error involve the disposition of appellee's pension. For that reason, we will consider appellant's assignments of error jointly.

Appellant argues as follows: (1) marital property includes retirement benefits; (2) the division of marital property should be equal or, if an equal division is inequitable, then the division should be equitable; (3) the trial court has jurisdiction over all marital property; (4) pensions are intangible personal property; (5) the divorce decree's general clause awarding appellant "all other personal property" awarded appellee's pension to appellant; (6) this may not have been the intent of the parties; (7) a trial court must not ignore vested pension benefits; (8) the trial court in this case failed to review the retirement benefits of the parties; (9) there is no evidence that the parties considered their retirement benefits when they settled this action. Appellant requests this court to remand the cause to the trial court for a determination of the existence, value, and distribution of the retirement benefits of the parties.

Appellee responds by noting that when settling this divorce action, the parties signed a memorandum of agreement that failed to indicate that appellant "was to have anything to do with the pension." Appellee argues that "[i]nasmuch as it is not mentioned, it remains with its owner, if there is, in fact, a pension plan."

In *Bisker v. Bisker* (1994), 69 Ohio St.3d 608, 635 N.E.2d 308, the court remanded a divorce action for consideration of the pension plans of the parties. The facts in *Bisker* bear great similarity to the facts in the case *sub judice*. In *Bisker*, the court wrote as follows:

"It is syllabus law in Ohio that a vested pension plan accumulated during marriage is a marital asset that must be considered in arriving at an equitable division of property. * * *

"* * *

"The record does not indicate that the trial court, at any juncture of the current proceedings, ever reviewed the retirement benefits of the parties as mandated by R.C. 3105.18. The trial court's orders are therefore incorrect as a matter of law. During the first divorce proceeding, the trial court did not conduct an·independent review but, rather, took the parties' oral agreement at face value. This error cannot be corrected by a subsequent remarriage. This issue remained unsettled at the time of the second divorce and again was not addressed. Instead of rectifying an earlier omission, the trial court compounded it and the court of appeals affirmed.

"The trial court erred as a matter of law and, therefore, this matter must be remanded for a review of appellee's pension benefits and their impact on the ultimate division of property."

■ Even though the parties in *Bisker* failed to mention the pension plan in their oral agreement during the first divorce proceeding, the Ohio Supreme Court held that the trial court erred by failing to address the retirement benefits of the parties during that divorce proceeding or during the parties' second divorce proceeding.

We recognize that the parties in the instant case failed to timely bring the pension issue to the trial court's attention. We have no choice, however, but to follow the Ohio Supreme Court's decision. In light of *Bisker*, we must reverse the trial court's judgment and remand this matter for a review of the parties' retirement benefits and their impact on the ultimate division of property.

Accordingly, based upon the foregoing reasons, we sustain appellant's assignments of error.

*Judgment reversed and cause*
*remanded for further proceedings*
*consistent with this opinion.*

STEPHENSON, P.J., and KLINE, J., concur.