JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Jeffrey Yanky, appeals the ruling of the domestic relations court, which denied his Civ.R. 60(B) motion for relief from judgment of the agreed judgment entry of divorce without first holding an evidentiary hearing. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} Jeffrey Yanky and Ellen Yanky were divorced through an agreed judgment entry on August 7, 2000. Two children were born during the marriage: Nicolette, now 15 years of age, and Stephanie, now 13 years of age. Jeffrey claims his parents set up a custodial bank account for each of the girls intending the funds to pay for their college education and nothing else.
 {¶ 3} Section 6.07 of the separation agreement attached to the agreed judgment entry of divorce stated that Ellen was to be appointed as the custodian of Nicolette's account, and Jeffrey was to be appointed as the custodian of Stephanie's account. Ellen was never appointed custodian of Nicolette's account. She filed a currently pending motion to show cause with the trial court on April 29, 2003.
 {¶ 4} On January 31, 2003, Jeffrey filed a Civ.R. 60(B) motion for relief from judgment of the agreed judgment entry of divorce. In his motion, Jeffrey claims that Ellen, if appointed as the custodian of Nicolette's account, intends to use the money in the account as she sees fit and not to pay for their daughter's college education as the grandparents intended.
 {¶ 5} On May 23, 2003, the trial court denied Jeffrey's motion for relief from judgment without holding an evidentiary hearing. The trial court held, "* * * Defendant's Motion to Vacate pursuant to Civil Rule 60(B)(5) was filed approximately two and one half years after judgment and there is no showing of timeliness. The Court further finds that the Defendant has alleged no operative facts which would establish grounds under Rule 60(B)."
 {¶ 6} The appellant presents one assignment of error for review:
 {¶ 7} "The trial court erred by not permitting a hearing on plaintiff-appellant's motion to vacate."
 {¶ 8} In his brief, the appellant provides two reasons why the trial court should have granted an evidentiary hearing on his motion for relief from judgment. First, he claims the domestic relations court never had jurisdiction over his children's custodial accounts because the accounts are the property of his children and are not marital assets. Second, he claims that the appellee intends to defy the intentions of the paternal grandparents and use the money in Nicolette's custodial account for purposes other than her college education.
 {¶ 9} Civ. R. 60(B) states:
 {¶ 10} "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been previously discovered so as to move for a new trial under Civ.R. 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which this judgment is based has been vacated or reversed, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) that the moving party has a meritorious defense or claim to present if relief is granted; (2) that the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) that the motion for relief is made within a reasonable time. GTEAutomatic Electric, Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Only if a moving party demonstrates all three elements of GTE is an evidentiary hearing warranted on the motion for relief. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. What constitutes a reasonable time for filing the motion for relief is left to the sound discretion of the trial court. Wells v. Spirit Fabricating,Ltd. (1996), 113 Ohio App.3d 282, 290; Payne v. Payne (May 20, 1999), Cuyahoga App. No. 74014 at 8.
 {¶ 12} A trial court abuses its discretion when it denies a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Kay,
supra, paragraph one of the syllabus.
 {¶ 13} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984), 15 Ohio St.3d 164,222, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254.
 {¶ 14} In the instant matter, the record is completely devoid of any evidence to support the appellant's assertions that he is entitled to a hearing on his motion for relief from judgment. Without such evidence, he has failed to establish whether he has a meritorious defense or whether his motion was made within a reasonable time. The appellant's motion, which was filed in the trial court, simply stated, "* * * notwithstanding the clear intention of the parties (and the intentions of the grandparents of the minor children who funded the custodial accounts), Ellen Yanky has refused to cooperate in the designation of the funds for college. It was the clear intention of the parties that these funds were not the property of the parties, but were in fact the property of the minor children."
 {¶ 15} First, the appellant's allegations that the appellee intends to use the money in Nicolette's custodial account any way she sees fit are unsubstantiated and do not warrant an evidentiary hearing for several reasons. First, the issue is not yet ripe, she has not yet been named the custodian of Nicolette's account; second, the appellant has not produced any material evidence to substantiate his claim that the appellee is going to use the money for something other than Nicolette's college education; and third, the record does not indicate what the money in Nicolette's custodial account was intended to pay for in the first place.
 {¶ 16} Next, the record is lacking any sort of evidence pertaining to the children's custodial accounts to support the appellant's assertion that the domestic relations court lacks subject matter jurisdiction. There is no evidence in the record as to what the custodial accounts were to be used for, when the accounts were organized, how the accounts were organized, who set up the accounts, and most importantly, who is the current custodian of the accounts. If the custodial accounts were organized according to the Transfer to Minors Act, R.C. 1339.31 et seq., then the probate court, not the domestic relations court, would have proper jurisdiction over the accounts.
 {¶ 17} We note that subject matter jurisdiction may be challenged even after the parties have reached a settlement agreement in open court that has been memorialized on the record and approved by the court. Myersv. Clinebell (May 14, 1999), Sandusky App. No. S-98-048. It is well established that "* * * parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court, where subject matter jurisdiction is otherwise lacking." Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, 538 N.E.2d 536. A judgment entered by a court that lacks subject matter jurisdiction is void ab initio. Myers, supra. To establish that the trial court lacked subject matter jurisdiction, a party does not need to establish a basis for relief under Civ.R. 60(B).Patton v. Diemer (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941. Because the appellant's Civ.R. 60(B) motion for relief from judgment is facially defective, lacking the operative facts needed to support a meritorious defense or claim, we must affirm the decision of the trial court and deny the appellant's request for an evidentiary hearing. However, this court's ruling does not preclude the appellant from presenting evidence in the future about how the children's custodial accounts are organized and whether the domestic relations court has subject matter jurisdiction over those accounts.
 {¶ 18} The judgment is affirmed.
Judgment affirmed.
Anne L. Kilbane, P.J., and Timothy E. McMonagle, J., concur.