JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal, defendant-appellant Daniel Cole ("Daniel") appeals the trial court's award of spousal support and attorney fees to plaintiff-appellee Maxine Cole ("Maxine") and its subsequent denial of his motion for a new trial. Daniel claims that the trial court erroneously calculated the term of the marriage, that it failed to value Maxine's survivorship interest in his pension, and that it failed to conduct an evidentiary hearing on his motion for a new trial. Finding no merit to this appeal, we affirm.
 {¶ 2} Daniel and Maxine were married on January 8, 1994. Daniel was 65 years of age and Maxine was 59 years of age when they married. They have no children from the marriage, but they each have children from previous marriages. Prior to their marriage, they executed an antenuptial agreement which listed the total value of Daniel's property as $1,270,601 and Maxine's property as $186,000.
 {¶ 3} Prior to the marriage, Maxine was employed as a home health care provider and earned approximately $22,000 per year. She quit her job a few months before the marriage so they could travel and enjoy retirement together. She also sold her home in Amherst and moved in with Daniel in Independence. At the time, Daniel was employed by East Ohio Gas Company, earning $50,000-$60,000 per year.
 {¶ 4} On April 1, 1994, less than three months after their wedding, Daniel retired with more than 41 years of service. He chose a plan for payment of his pension which provided a survivorship benefit payable to Maxine after his death. As a result of this decision, his monthly pension benefits were reduced by approximately $320.
 {¶ 5} In November 2001, the parties separated and Maxine filed for divorce and sought temporary spousal support. On December 27, 2001, the court ordered Daniel to pay $1,700 per month in temporary spousal support. The case proceeded to trial before a magistrate in January 2003.
 {¶ 6} At trial, the parties agreed to a number of stipulations concerning their respective income and assets. Daniel receives monthly social security benefits of $1,396 and $2,765.04 in pension benefits. He also earns income from dividends, interest, and occasionally capital gains. Maxine's primary source of income is social security benefits in the amount of $515 per month. She also receives minimal interest income from her savings.
 {¶ 7} The parties further identified their separate savings accounts and certificates of deposit. Both parties have approximately the same amount of savings in separate accounts. Daniel also has a number of stocks. Neither party sought to recover any portion of the other's accounts and separate real estate holdings.
 {¶ 8} Maxine's monthly living expenses totaled approximately $1,966.50, while Daniel's monthly living expenses totaled $817. Maxine testified that, as a result of the marriage, she became financially dependent on Daniel for daily living expenses. She indicated that she would have no health insurance after the divorce. She further stated that she quit her job and moved in with Daniel because he promised to take care of her.
 {¶ 9} On June 13, 2003, the magistrate issued a decision and findings of facts. The magistrate recommended that Daniel pay spousal support in the amount of $3,500 per month for a period of 42 months and contribute $9,000 toward Maxine's attorney fees. The magistrate divided the parties' property in accordance with the antenuptial agreement and their stipulations.
 {¶ 10} Daniel filed objections to the magistrate's decision, and Maxine responded to the objections. The trial court overruled Daniel's objections in part and sustained them in part. The court reduced the duration of the spousal support award and ordered Daniel to pay $3,570 per month for 30 months. Additionally, the court found that the execution on the judgment for attorney fees was not to issue until 60 days after February 14, 2004.
 {¶ 11} Daniel moved for relief from judgment and a new trial. He also sought sanctions as a result of Maxine's alleged misrepresentations to the court. The court denied the motion without a hearing.
 {¶ 12} Daniel appeals, raising five assignments of error.
 Survivorship Interest in Pension {¶ 13} In his first assignment of error, Daniel contends that the trial court erred in failing to consider the value of Maxine's survivorship interest in his pension and that the court should have made a "distributive award" to him to compensate for the value of such interest.
 {¶ 14} R.C. 3105.171 governs the equitable division of marital and separate property. The statute defines a distributive award as "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code." R.C. 3105.171(A)(1). The trial court may make a distributive award "to facilitate, effectuate, or supplement a division of marital property." R.C. 3105.171(E)(1). However, the trial court must consider the factors enumerated in R.C.3105.171(F) and provide findings of fact in support of such an award. R.C. 3105.171(G).
 {¶ 15} The decision whether to make a distributive award rests within the sound discretion of the trial court. Hissa v.Hissa, Cuyahoga App. Nos. 79994 79996, 2002-Ohio-6313, citingBisker v. Bisker, 69 Ohio St.3d 608, 609, 1994-Ohio-307. Absent a clear abuse of discretion, a reviewing court will not reverse the decision of the trial court. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} According to Daniel, Maxine has a "resulting distributive award" by virtue of the survivorship interest he bestowed upon her. He claims that, because essentially all of his pension benefits were earned prior to their marriage, her interest stems from his separate property.[1] Thus, he argues that the trial court "effectively awarded a distributive award without the appropriate findings" by not granting him credit for such a benefit.
 {¶ 17} However, Daniel cites no authority in support of this argument. Rather, we note that he voluntarily elected to provide a survivorship benefit to Maxine shortly after they were married. Compare Wylie v. Wylie (May 30, 1996), Lawrence App. No. 95CA18 (trial court ordered each spouse to have survivorship interests in the pension of the other). The mere fact that the election is irrevocable does not amount to a court-ordered distributive award. Moreover, Daniel has waived any argument concerning this alleged distributive award because he failed to raise the issue at trial. See O'Brikis v. O'Brikis (Oct. 6, 2000), Portage App. No. 99-P-0045.
 {¶ 18} As for Daniel's contention that the trial court erred in failing to value the survivorship interest, we disagree. Daniel cites numerous cases for the proposition that a trial court must value all of the marital property before it can effectively enter a divorce decree. See, e.g., Bisker, supra;Malone v. Malone (1998), 126 Ohio App.3d 685; Willis v.Willis (1984), 19 Ohio App.3d 45. But, compare Morris v.Morris (Aug. 22, 1990), Washington App. No. 89CA27 (appellant waived any error with respect to the valuation of survivorship interest by failing to present any evidence of its value at trial). He contends that the issue of valuation cannot be waived at trial and that the trial court has a duty to order the parties to submit such evidence. While we recognize that these cases stand for such a proposition, we find that the instant case is distinguishable and warrants a different holding.
 {¶ 19} In the cases on which Daniel relies, the pension benefits at issue were earned during the term of the marriage. Consequently, the pension benefits were properly recognized as a marital asset. See Holcomb v. Holcomb (1989),44 Ohio St.3d 128; R.C. 3105.171(A)(3). In contrast, the magistrate made no finding in the instant case that Maxine's survivorship interest constituted a marital asset. In fact, the parties stipulated that Maxine possessed this survivorship interest. Significantly, Daniel never argued that it was a marital asset.[2] Thus, because there was no evidence or contention that Maxine's survivorship interest constituted a marital asset, the court committed no error in failing to value the interest. See Goodev. Goode (1991), 70 Ohio App.3d 125 (recognizing that specific valuation is not as essential when the property is distributed pursuant to the parties' prior agreement). Furthermore, we cannot say that the trial court abused its discretion in failing to make a distributive award to offset Maxine's survivorship interest when Daniel never requested such an award.
 {¶ 20} Moreover, to the extent that Daniel claims that the trial court abused its discretion in awarding spousal support without first determining the value of the survivorship interest, we disagree. Although Maxine's survivorship interest in Daniel's pension constituted a valuable asset, we find that its valuation would not have changed the trial court's analysis supporting its award of spousal support. First, Maxine might never benefit from the survivorship interest if she predeceases Daniel. Thus, this possible future source of income is speculative. Second, Maxine's interest does not provide any current income to sustain her standard of living. Finally, assuming Maxine survives Daniel and receives survivorship benefits, she will no longer be receiving spousal support. Accordingly, we find no abuse of discretion in the court's decision assigning no value to the survivorship interest.
 {¶ 21} Daniel's first assignment of error is overruled.
 Spousal Support {¶ 22} In his second assignment of error, Daniel contends that the trial court abused its discretion in awarding spousal support.
 {¶ 23} A trial court has considerable latitude when determining the amount of spousal support to award in a divorce proceeding. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,122, 551 N.E.2d 157. Therefore, an appellate court will not reverse a trial court's determination regarding spousal support unless the appellate court finds, under the totality of the circumstances, that the trial court abused its discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
 {¶ 24} Daniel claims that the amount of spousal support is unreasonable and arbitrary because it exceeds his monthly income derived from "marital" property. He argues that because his living expenses and the spousal support award exceed his monthly income derived from his pension and social security benefits, the trial court's order essentially awarded Maxine a portion of his separate property. He further maintains that the antenuptial agreement prohibited any award derived from his separate property and that the parties stipulated that "any passive income and appreciation of their separate property" would remain their own.
 {¶ 25} However, contrary to Daniel's assertion, the antenuptial agreement contains no provision regarding the payment of sustenance spousal support in the event of a divorce. Further, the parties' stipulation expressly provided that the court should consider "their income derived from employment, interest, and dividends" for purposes of determining spousal support. Accordingly, we find no error in the trial court's consideration of Daniel's income sources for purposes of determining spousal support. See R.C. 3105.18(C)(1)(d) and (i).
 {¶ 26} Furthermore, we find that the trial court's award of spousal support was appropriate under the instant circumstances. The court ordered Daniel to pay $3,570 per month in spousal support for a period of 30 months or until either party's death or Maxine's remarriage or cohabitation. In reaching this conclusion, the court relied on the magistrate's recommendation which contained a lengthy analysis of the factors set forth in R.C. 3105.18(C). Some of the more compelling factors supporting the trial court's award of spousal support include: (1) Maxine's inability to return to the work force given her age and medical condition, (2) Maxine's considerable "lost income production capacity" resulting from her marital responsibilities, (3) Daniel's significantly higher income and assets, (4) Maxine's lack of retirement benefits other than social security, and (5) Maxine's financial dependence on Daniel for living expenses. Accordingly, we find no abuse of discretion in the award of spousal support.
 {¶ 27} Daniel's second assignment of error is overruled.
 Duration of the Marriage {¶ 28} In his third assignment of error, Daniel argues that the trial court erred in finding that the marriage terminated on the last day of trial, January 21, 2003. Daniel claims the marriage terminated in November 2001 when Maxine moved out and the parties separated.
 {¶ 29} "The decision to use the final hearing date as the valuation date or another alternative date pursuant to R.C.3105.171(A)(2)(a) and (b) is discretionary and will not be reversed on appeal absent an abuse of discretion." Schneider v.Schneider (1996), 110 Ohio App.3d 487, 493. A trial court may use a de facto termination date when such a date would be equitable. Berish v. Berish (1982), 69 Ohio St.2d 318, 320. Otherwise, it is presumed the date of the final divorce hearing is the appropriate termination date of the marriage. Id.; Glickv. Glick (1999), 133 Ohio App.3d 821, 828.
 {¶ 30} Daniel argues that the use of the last day of trial is inequitable for two reasons. First, he contends that it allowed the court to consider his 2002 income in determining spousal support. Second, he claims that the later date lengthened the term of the marriage by fourteen months and, as a result, bolstered Maxine's claim for spousal support. However, we find these arguments unpersuasive.
 {¶ 31} Here, the record reveals that Daniel's annual income in 2002 was approximately the same as in 2001. The magistrate found that Daniel's gross income in 2001 was $96,595, while his 2002 gross income was $97,916.[3] Additionally, the magistrate noted Daniel's 2000 income of $218,489,[4] which was substantially higher than other years. Accordingly, we fail to see how Daniel was prejudiced by the court's reference to his 2002 income when it was substantially the same as his 2001 income and considerably less than his 2000 income.
 {¶ 32} Furthermore, we find that adding fourteen months to the term of the marriage had no significant impact on the trial court's decision to award spousal support. Rather, the trial court considered all of the statutory factors enumerated in R.C.3105.18(C). In particular, the trial court focused on the fact that Maxine is substantially dependent upon Daniel for economic survival and that this dependence resulted from her foregoing employment in order to fulfill her marital responsibilities. SeeAbernathy v. Abernathy, Cuyahoga App. No. 80406, 2002-Ohio-4193 (the date of the final hearing is more equitable than the separation date because wife remained financially dependent upon husband throughout separation). Finally, because there were no alleged marital assets acquired during this fourteen-month period, we find no inequity in using the hearing date as the termination date of the marriage.
 {¶ 33} Based on the lack of evidence indicating that a different date is more equitable, we find that Daniel has not overcome the presumption in favor of the final day of trial as the appropriate termination date of the marriage. Accordingly, we find no abuse of discretion in the trial court's application of this date.
 {¶ 34} The third assignment of error is overruled.
 Attorney Fees {¶ 35} Daniel contends in his fourth assignment of error that the trial court abused its discretion in awarding attorney fees. We disagree.
 {¶ 36} A decision to award attorney fees is a matter within the sound discretion of the trial court. Cimperman v.Cimperman, Cuyahoga App. No. 80807, 2003-Ohio-869, citing Randv. Rand (1985), 18 Ohio St.3d 356, 359. Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. Birath v. Birath (1988), 53 Ohio App.3d 31,39.
 {¶ 37} Daniel argues that the trial court's award of attorney fees contravenes R.C. 3105.18(H), which provides:
{¶ 38} "In divorce or legal separation proceedings, the courtmay award reasonable attorney's fees to either party at any stageof the proceedings, including, but not limited to, any appeal,any proceeding arising from a motion to modify a prior order ordecree, and any proceeding to enforce a prior order or decree, ifit determines that the other party has the ability to pay theattorney's fees that the court awards. When the court determineswhether to award reasonable attorney's fees to any party pursuantto this division, it shall determine whether either party will beprevented from fully litigating that party's rights andadequately protecting that party's interests if it does not awardreasonable attorney's fees."
 {¶ 39} First, Daniel argues that the award of $9,000 for attorney fees was unreasonable because the court "primarily" utilized a "time-clock" method for determining an appropriate award. He claims that using such a method without consideration of other factors is deficient as a matter of law, citing Swansonv. Swanson (1976), 48 Ohio App.2d 85.
 {¶ 40} In Swanson, this court held that a trial court must consider more than just the number of hours worked in awarding attorney fees, especially because "the value of services may be greater or less than that which would be reflected by a simple multiplication of an hourly rate by time expended." Thus, a trial court must consider, in addition to the hours expended, such factors as the complexity of the issues, the experience of the attorney, the fees customarily charged, and the reasonableness of the hours. Id.
 {¶ 41} However, contrary to Daniel's assertion, the trial court did not rely solely on the "time-clock" method in determining a reasonable amount of attorney fees. In fact, the amount awarded was slightly less than the amount calculated under the "time-clock" method. Here, the magistrate made detailed findings supporting the recommendation for attorney fees. The magistrate found that Maxine's trial counsel had 23 years of experience in domestic relations matters, that his hourly rate was customary for such work in the Cleveland area, and that the complexity of the issues and the time involved justified an award of $9,000. Thus, we find that the trial court did not abuse its discretion in adopting the magistrate's recommendation regarding the amount of attorney fees.
 {¶ 42} Daniel further argues that Maxine would have been able to fully litigate her rights even without an award of attorney fees. He claims that she had sufficient income from the temporary spousal support and permanent spousal support. However, Maxine's total annual income is approximately $11,292, while her monthly living expenses are $1,966.50. Further, her total assets, including her residence, were a mere fraction of Daniel's assets and totaled approximately $200,000. Even with the award of spousal support, Maxine's income was insufficient to cover both her living expenses and attorney fees. Accordingly, we cannot say that the trial court abused its discretion in finding that Maxine would have been prevented from fully litigating her rights without Daniel's contribution toward her attorney fees.
 {¶ 43} Additionally, we note that the award of attorney fees is further supported by the trial court's finding that Daniel's actions caused Maxine to incur unnecessary, additional attorney fees. See Trott v. Trott, Franklin App. No. 01AP-852, 2002-Ohio-1077, citing Kelly-Doley v. Doley (Mar. 12, 1999), Lake App. No. 96-L-217 ("an award of attorney fees may be predicated upon one party intentionally causing the other party to incur unnecessary, substantial fees or when one party is responsible for much of the litigation"). Prior to trial, Daniel discharged his counsel and proceeded pro se. The magistrate noted that "the trial itself was unnecessarily prolonged by [Daniel's] inquiry into irrelevant issues and evidence which [Maxine] had already stipulated to." Further, Daniel failed to engage in good faith settlement discussions despite the trial court's order. This court has previously found that, under such circumstances, an award of attorney fees is warranted. See, e.g., Matyas v.Matyas (Jan. 17, 1985), Cuyahoga App. No. 48645; Pournaras v.Pournaras (June 26, 1986), Cuyahoga App. No. 50782.
 {¶ 44} In summary, because the trial court found that: (1) the attorney fees were reasonable, (2) Daniel had the ability to pay the legal fees, and (3) Maxine would have been prevented from fully litigating her rights without an award of such fees, we find that the court fully complied with R.C. 3105.18(H). Thus, the trial court's award does not constitute an abuse of discretion.
 {¶ 45} Daniel's fourth assignment of error is overruled.
 Evidentiary Hearing {¶ 46} In his final assignment of error, Daniel argues that the trial court abused its discretion in failing to conduct an evidentiary hearing on his Civ.R. 60(B) motion for relief from judgment and request for a new trial.
 {¶ 47} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996-Ohio-430.
 {¶ 48} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 49} Daniel moved for relief from judgment and for a new trial on the basis that Maxine misrepresented her property ownership in Florida. He claimed that she "lied to the court" about owning property in Florida valued at $56,000, when, in fact, she had already sold that property and purchased other property for $33,000. Daniel contended that Maxine purposely concealed this information in order to minimize her income and assets. In response, Maxine admitted that she confused the properties at the time of trial, but attributed the error as an honest mistake due to her multiple real estate transactions in the past six years. She further argued that, regardless of the mistake, the outcome of the trial would not have changed because the new evidence reveals she has fewer assets.
 {¶ 50} In denying Daniel's motion, the trial court noted that the antenuptial agreement and the stipulations between the parties provided that each party would retain his or her respective real estate holdings and bank accounts. The parties further stipulated at trial that the income derived from any capital gains by either party would not be considered in the calculation of spousal support. As a result, the court found that "the sale of one Florida condominium and the purchase of another, of lesser value, during the months leading to trial does not justify relief from the property division and spousal support orders." We agree.
 {¶ 51} Here, Daniel failed to demonstrate any meritorious claim or defense which would entitle him to relief as a result of Maxine's alleged misrepresentation. Because the parties stipulated that any capital gains earned by either spouse would not be considered for purposes of spousal support, the evidence of the real estate transactions was irrelevant. Furthermore, the trial court was not required to consider or divide each spouse's real estate holdings as a result of the parties' stipulations and antenuptial agreement. Accordingly, we find that the trial court did not abuse its discretion in denying the motion. Furthermore, because Daniel did not demonstrate that he had a meritorious claim or defense, the trial court was not required to hold an evidentiary hearing. Yanky, supra.
 {¶ 52} Daniel's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Celebrezze, Jr., J. concur
[1] In the instant case, Daniel retired 83 days after he married Maxine, after working at East Ohio Gas for more than 41 years. Thus, while Maxine technically has some claim to the value of his pension during the 83-day period, the amount is so minimal that neither party has asserted any claim.
[2] We recognize that, generally, property acquired during the marriage is presumed to be marital unless it can be shown that it is separate. See Barkley v. Barkley (1997),119 Ohio App.3d 155. In the instant case, however, the parties stipulated that the property belonged to Maxine.
[3] The income amount included Daniel's total earnings from his pension, social security, dividends, and other interest income.
[4] This amount included $99,788 from capital gains. Because the parties stipulated that income earned from capital gains would not be considered for purposes of spousal support, Daniel's 2000 income was therefore $118,701.