JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, KB Capital, L.L.C. ("KB"), appeals the trial court's decision denying its motion for relief from judgment following the trial court's sua sponte dismissal of its complaint against defendant-appellee Lea Boyas ("Boyas"). Finding no merit to the appeal, we affirm.
 {¶ 2} In its complaint, KB asserted a fraud claim relating to Boyas' alleged false representation regarding the financial assets of Republic Environmental Systems, Inc. KB claimed that, based on Boyas' representation, it extended a line of credit to the company and subsequently lost money. The parties engaged in discovery and the court set the matter for a final pretrial and trial.
 {¶ 3} On August 2, 2004, the date of the final pretrial, the court dismissed KB's complaint with prejudice when its counsel failed to appear. On August 16, KB moved for relief from judgment asserting that it was excusable neglect for counsel to fail to timely appear. On December 14, 2004, the trial court granted KB's Civ.R. 60(B) motion, stating:
"Pltf's mtn for relief from judgmt or order, filed 8/16/04, is granted. Pltf has satisfied requirements of Civ R 60(B). FPT is set for 1/20/05 at 9:30 a.m. Trial is set for 3/2/05 at 9:00 a.m."
 {¶ 4} However, on the same day, the trial court issued a subsequent order, stating:
"Pursuant to Civil Rule 60(A) the court sua sponte corrects an error, as follows. The entry of this date in this case purporting to grant pltf's motion for relief from judgment filed 8/16/04 is hereby vacated as said entry was entered in error. The motion for relief from judgment is denied."
 {¶ 5} KB appeals the denial of its Civ.R. 60(B) motion, raising one assignment of error.
 {¶ 6} KB argues that the trial court abused its discretion by denying its motion for relief from judgment. As part of its argument, KB contends that it was erroneous for the trial court to dismiss its complaint with prejudice without providing any notice. While we agree with KB's assertion, this argument goes to the trial court's underlying decision, which KB failed to timely appeal. See Doe v. Trumbull Cty. Children Serv. Bd.
(1986), 28 Ohio St.3d 128; Trebmal Const. Inc. v. Cuyahoga Cty.Bd. of Rev. (1994), 94 Ohio App.3d 246. "Errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." Kelm v. Kelm
(1992), 73 Ohio App.3d 395. As a result, KB has waived this argument and we are precluded from considering it.
 {¶ 7} Next, in regard to the trial court's denial of KB's motion for relief from judgment, we cannot say that the trial court abused its discretion. See Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996-Ohio-430.
 {¶ 9} In the instant case, KB fails to satisfy the second element by demonstrating that it was entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5). Although KB argues that it was excusable neglect for its counsel to fail to timely appear for the final pretrial, it offered no explanation demonstrating excusable neglect. Rather, KB merely argued that it arranged for another associate of its Michigan co-counsel to appear, who was not admitted pro hac vice to practice in Ohio but was very familiar with the case. Thus, its own argument reveals that it intentionally disregarded the court's order and Loc.R. 10(A), which requires all counsel to file a written entry of appearance before being permitted to appear at any proceeding. KB further argued that, when the trial court refused to acknowledge the nonadmitted counsel at the final pretrial, such counsel proposed to contact another local attorney to appear. Again, although the trial court took a harsh position, we cannot say that KB satisfied the criterion for demonstrating excusable neglect under Civ.R. 60(B)(1).[1]
 {¶ 10} Furthermore, we find no reason to invoke Civ.R. 60(B)(5) under the instant circumstances. As this court stated inSmith v. Smith, Cuyahoga App. No. 83275, 2004-Ohio-5589, "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person of the unjust operation of a judgment." Smith, at ¶ 16, citing Housden v.Housden (May 6, 1991), Butler App. No. CA90-08-160. The grounds for invoking Civ.R. 60(B)(5) must be substantial, however, and it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). Id., citing Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, paragraphs one and two of the syllabus.
 {¶ 11} KB argues that Civ.R.60(B)(5) applies but KB offers no support for its argument other than the fact that the trial court's actions were severe. The real issue, however, is that KB should have appealed the trial court's dismissal along with filing its motion for relief from judgment. Moreover, the only argument it raises in the instant appeal relates solely to Civ.R. 60(B)(1), thereby precluding the application of the catch-all provision.
 {¶ 12} As a result, this court is constrained to affirm the decision of the trial court.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. concurs; Kilbane, J. dissents (SEE SEPARATEOPINION)
 DISSENTING OPINION
[1] KB acknowledges that two local counsel were available in their offices located near the court.