JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Dennis P. Tihansky, M.D., Ph.D. ("Tihansky"), challenges the denial of his Civ.R. 60(B)(5) motion for relief from the December 1, 2004 judgment that denied his first motion for relief from judgment. For the reasons that follow, we affirm.
 {¶ 2} In 2001, Tihansky filed a legal malpractice action that was settled mid-trial in June 2002. Tihansky maintained that his attorneys settled the lawsuit without his authority and that the official transcript contained "falsifications of his trial testimony."
 {¶ 3} Two years after the settlement, Tihansky filed a motion for relief from the settlement Journal Entry dated June 7, 2002. The trial court denied Tihansky's Civ.R. 60(B) motion on December 1, 2004.
 {¶ 4} Tihansky asserts that he was not served with the December 1, 2004 decision until February 17, 2005.[1] Yet, Tihansky filed his notice of appeal from that decision on February 10, 2005, which was assigned Case No. 85961. This Court sua sponte dismissed that appeal as untimely by order dated February 14, 2005. Tihansky filed a motion for reconsideration, which this Court denied by order dated March 7, 2005. Tihansky did not appeal this Court's decision in Case No. 85961.
 {¶ 5} On May 5, 2005, Tihansky filed a second Civ.R. 60(B) motion seeking to vacate the December 1, 2004 judgment that denied his initial motion for relief from the settlement judgment entry of 2002. The trial court denied that motion and this is the subject of the instant appeal.
 {¶ 6} Tihansky's sole assignment of error states as follows:
 {¶ 7} "I. The trial court abused its discretion in overruling appellant's Civil Rule 60(B) motion for relief from judgment without first holding an evidentiary hearing."
 {¶ 8} A motion for relief from judgment cannot be used as a substitute for a timely appeal. State ex rel. Bragg v. Seidner,92 Ohio St.3d 87, 2001-Ohio-152, quoting Key v. Mitchell,81 Ohio St.3d 89, 90-91, 1998-Ohio-643; see, also, Colley v.Bazell (1980), 64 Ohio St.2d 243, 245.
 {¶ 9} Tihansky's first motion for relief from judgment sought to vacate the June 2002 settlement journal entry. The trial court denied the motion on December 1, 2004 and Tihansky attempted to appeal that judgment in Case No. 85961. Notwithstanding his claims to the contrary, this Court determined that the appeal was untimely. This remains the law of the case.
 {¶ 10} Thereafter, Tihansky attempted to attack the December 1, 2004 judgment by filing a second Civ.R. 60(B) motion with the trial court, this time seeking to vacate the December 1, 2004 order for failure to hold an evidentiary hearing. This, however, was an error that should have been raised on a direct appeal of the December 1, 2004 order. If the trial court had granted the second motion for relief on that basis, it would have allowed Tihansky to utilize a motion for relief as a substitute for a timely appeal contrary to law. Therefore, Tihansky's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr. P.J., and Rocco, J., concur.
[1] The trial court granted Tihansky's motion for order to clerk to serve the December 1, 2004 order on his attorneys.