ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Appellant, Ada Taliaferro, appeals from the decision of the Cuyahoga County Court of Common Pleas that granted the motion for summary judgment of appellee, South Pointe Hospital ("South Pointe"). For the reasons stated below, we reverse and remand.
 {¶ 3} Appellant brought this action as guardian of the person and estate of her daughter, Heidi Joiner, an incompetent. In the complaint, appellant raised a claim of hospital negligence against South Pointe. Appellant alleged that Joiner was admitted to South Pointe for rehabilitation following an exacerbation of multiple sclerosis. The medical history and diagnosis of Joiner included multiple sclerosis, seizure disorders, increased falls, impaired balance, left lower limb weakness, progressive decline in function, and increased spasticity. Appellant claimed that despite South Pointe's knowledge of Joiner's weaknesses and her disabled condition, South Pointe was negligent in its care, treatment and monitoring of Joiner. Specifically, appellant alleged that Joiner fell to the floor on three separate occasions between July 24 and July 28, 2002, resulting in personal injuries, including a fractured ankle, and other losses.
 {¶ 4} South Pointe filed a motion for summary judgment, claiming it was entitled to judgment as a matter of law because appellant had not produced an expert report establishing that employees of South Pointe were negligent in the care and treatment of Joiner. The trial court granted the motion and entered summary judgment for South Pointe.
 {¶ 5} Appellant brought this appeal, raising three assignments of error for our review. The first assignment of error is dispositive of the matter and provides as follows:
 {¶ 6} "The trial court erred by granting [South Pointe's] motion for summary judgment."
 {¶ 7} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Comm. College,150 Ohio App. 3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 8} Appellant argues that the trial court erred in granting summary judgment because expert testimony was not required to establish the duty of care in this case. Appellant states that whether South Pointe was negligent in its care and supervision of Joiner and proximately caused her injuries was a matter within the common knowledge of lay persons. We agree.
 {¶ 9} The Supreme Court of Ohio, in Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127, paragraph one of the syllabus, set forth the following requirements for a medical malpractice action: "In order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things." The Supreme Court of Ohio explained: "`Proof of malpractice, in effect, requires two evidentiary steps: evidence as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff. * * *'" Id. at 131, quoting Davis v.Virginian Ry. Co. (1960), 361 U.S. 354, 357.
 {¶ 10} Whether a physician or surgeon's treatment of a patient conformed with the requisite standard of care and skill is an issue that must ordinarily be determined from the testimony of medical experts. Bruni, 46 Ohio St.2d at 130, citing 41 American Jurisprudence, Physicians Surgeons, Section 129; and 81 A.L.R.2d 590, 601, 110 So.2d 663. However, the Supreme Court of Ohio recognized that there is an exception to this general rule "where the nature of the case is such that the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it[.]" Bruni,46 Ohio St.2d at 130. Thus, although expert testimony is required where an inquiry "pertains to a highly technical question of science or art or to a particular professional or mechanical skill[,]" expert evidence is not required "where the subject of the inquiry is within the common, ordinary and general experience and knowledge of mankind[.]" Jones v. Hawkes Hosp. of Mt.Carmel (1964), 175 Ohio St. 503, paragraph one of the syllabus.
 {¶ 11} We recognize that Ohio courts have infrequently applied the common knowledge exception to obviate the need for expert testimony in medical negligence cases. See Buerger v.Ohio Dept. of Rehab. Corr. (1989), 64 Ohio App.3d 394, 399. Nevertheless, the common knowledge exception has been applied in cases involving instances of gross inattention to a patient, administrative or supervisory negligence, and miscommunication with a patient. See Cunningham v. Children's Hosp., Franklin App. No. 05AP-69, 2005-Ohio-4294. This includes cases involving fact patterns similar to this case, in which a patient falls and suffers an injury while left unattended. See Burks v. ChristHosp. (1969), 19 Ohio St.2d 128, 131 (sedated, obese patient fell from hospital bed without side rails); Jones,175 Ohio St. at 505 (delirious, restless, and pregnant woman fell while attempting to climb over side rails and out of bed after nurse left her unattended); LaCourse v. Flower Hosp., Lucas App. No. L-02-1004, 2002-Ohio-3816 (70-year-old, 270-pound patient who was paralyzed on her left side fell while allegedly left unattended and supported wholly by a walker). This court applied the exception in Dimora v. Cleveland Clinic Found. (1996),114 Ohio App.3d 711, 718, where a patient who had a serious balance difficulty fell after a student nurse left her unattended at her walker while opening a door. We found the conduct complained of was "clearly within the common knowledge and experience of jurors." Id.
 {¶ 12} This case involves the care of a patient who suffered from multiple sclerosis and seizures. Joiner was admitted to South Pointe with a history of these disorders, as well as frequent falls, impaired balance, left lower limb weakness, progressive decline in function, and increased spasticity. Appellant claims Joiner fell on three separate occasions after being admitted to South Pointe. On the first occasion, it is alleged Joiner fell to the floor on the day she was admitted and the hospital placed a "warning band" on her wrist. On the second occasion, Joiner allegedly fell after being assisted to the bathroom by a hospital employee and left unattended. On the third occasion, Joiner allegedly fell after she got out of her bed on her own to walk to the bathroom. South Pointe contends that it had advised Joiner to call the nursing staff for assistance whenever she needed to get out of bed. However, appellant states that Joiner suffered from dementia.
 {¶ 13} Upon our review of the record, we find that this case falls within the common knowledge exception. As found inLaCourse, supra, "The conduct at issue has repeatedly been held to be, `* * * clearly within the common knowledge and experience of jurors, not requiring knowledge beyond the kin of layperson, and, as such, expert testimony is not required,'" quotingDimora, 114 Ohio App.3d at 718. We also find that genuine issues of material fact remain in dispute, and viewing the evidence most strongly in favor of appellant, reasonable minds could differ. Therefore, we find the trial court erred in granting summary judgment.
 {¶ 14} Appellant's first assignment of error is sustained. The remaining assignments of error are moot.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and McMonagle, J., concur.