JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Michael Wilmore ("Wilmore"), appeals the trial court's decision denying his Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Wilmore brought suit against attorney Harvey B. Bruner ("Bruner") for legal malpractice, breach of contract, and fraud. Wilmore alleged that he retained Bruner for $1,000 to file a motion for judicial release. Wilmore argued that, subsequent to the court's denying his motion, he discovered that he was not eligible for judicial release because his conviction occurred prior to Senate Bill 2. He further alleged that Bruner's actions amounted to professional negligence because Bruner knew or should have known that he was not eligible for judicial release.
 {¶ 3} Bruner filed a timely answer and motion to dismiss, claiming that he not only filed, as requested, a motion for judicial release but also filed a motion for shock probation, which was also denied. Wilmore filed a brief in opposition to Bruner's motion to dismiss. Nevertheless, the trial court granted Bruner's motion and dismissed the case with prejudice.
 {¶ 4} Wilmore subsequently filed a Civ.R. 60(B) motion for relief from judgment, claiming that his motion should be granted based on excusable neglect because his notice of appeal was interrupted by the prison mailing system. The trial court denied his motion, stating:
"GIVEN THAT THE EXCUSABLE NEGLECT ALLEGED IN PLAINTIFF'S MOTION RELATES ONLY TO PLAINTIFF'S INABILITY TO FILE A TIMELY APPEAL, AND NOT TO THE PROSECUTION OF PLAINTIFF'S CASE AT THE TRIAL COURT LEVEL, MOTION OF PLAINTIFF MICHAEL WILMORE FOR RELIEF FROM JUDGMENT (FILED 08/05/2005) IS DENIED. THIS COURT NOTES THAT THE ISSUES RAISED WITH RESPECT TO PLAINTIFF'S FAILURE TO FILE A TIMELY APPEAL WOULD BE MORE APPROPRIATELY CONSIDERED BY THE APPEALS COURT."
 {¶ 5} Wilmore appeals this decision, raising two assignments of error, which will be addressed together.
 {¶ 6} In his first and second assignments of error, Wilmore argues that the trial court abused its discretion in failing to hold a hearing on his Civ.R. 60(B) motion for relief from judgment and ultimately denying his motion.
 {¶ 7} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 8} The filing of a Civ.R. 60(B) motion is the mechanism by which a party may ask the court for relief from a final judgment, order, or proceeding. In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v. Marc Glassman,Inc., 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102.
 {¶ 9} In the instant case, the court's decision granting Bruner's motion to dismiss constituted the final judgment. The trial court denied Wilmore's Civ.R. 60(B) motion because it did not relate to the final judgment but rather addressed Wilmore's inability to file a timely appeal. Because Wilmore's motion did not seek relief from the final judgment, the trial court denied the motion.
 {¶ 10} We find that the trial court did not abuse its discretion in denying Wilmore's motion for relief from judgment. Wilmore argued in his Civ.R. 60(B) motion that he should be granted relief from judgment because his notice of appeal was delayed in the prison mailing system. He made no argument challenging the final judgment but clearly attempted to extend the appeal time by filing a Civ.R. 60(B) motion.
 {¶ 11} The Ohio Supreme Court has held that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. See, also, Tihansky v. Weston, Hurd, Fallon, Paisley Howley,L.L.P., Cuyahoga App. No. 86536, 2006-Ohio-1359; Vidovic v.Vidovic, Cuyahoga App. No. 81647, 2003-Ohio-1842.
 {¶ 12} Therefore, because we find that Wilmore's Civ.R. 60(B) motion did not challenge the final judgment but instead attempted to extend the appeal time, the trial court did not abuse its discretion in denying Wilmore relief from judgment. We also find that because the motion was improper, the court also did not abuse its discretion in refusing to hold a hearing on the motion.
 {¶ 13} Accordingly, Wilmore's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J. and McMonagle, J. concur.